UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER MORGAN,

       Plaintiff,

                                      Case No. 14-11006

-vs-                                District Judge Paul D. Borman
                                      Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

       This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On January 14, 2015, this Court entered judgment in favor of the Plaintiff, remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g) [Doc. #24]. Before the Court at this time is the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #27] requesting fees of $9077.95. For the reasons discussed below, I recommend the Motion be GRANTED IN PART, awarding fees in the amount of $8,002.58.

                              **I.    STANDARD OF REVIEW**

      The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

-1-

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

## II.   ANALYSIS

### A.   Entitlement to Attorney Fees in the Present Case

In response to Plaintiff's motion for summary judgment, the Commissioner filed a motion to remand, acknowledging that a remand to the administrative level for further fact-finding was appropriate. *Docket #15, 17.* The Commissioner acknowledges that Plaintiff is the "prevailing party." *Shalala, supra* at 301-302. I agree that Plaintiff is entitled to EAJA fees.

**B.    Amount of Attorney Fees**

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiff's counsel argues that he is entitled to an increase in hourly fees from the statutory rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009), the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

Counsel claims a total of 48.54 hours of attorney work at the hourly rate of $187.02. He has provided a affidavit stating that he has been represented claimants in Social Security Disability claims for the past 37 years. *Plaintiff's Exhibit C, Affidavit of Thomas Bertino,* ¶ 5. He states further that his regular rate is "at least $225." *Id.* at ¶ 6. He has also provided a Department of Labor's Consumer Price Index ("CPI") for 2013 and a Michigan 2014 Economics of Law Practice Survey. *Plaintiff's Exhibits* D-E. Considered together, Counsel's affidavit, the CPI, and the Economics of Law Practice Survey support the request for an hourly rate of $187.02. *See Pizzo v. Commissioner of Social Sec.* 2014 WL 7157129, *5 (E.D.Mich. December 15, 2014)(affidavit, CPI, and Economics of Law survey, considered in tandem, support request for $187.02 per hour); *see also Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011)("Given the effect of inflation since 1996, the Court finds that $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010"). Moreover, the Commissioner does not contest counsel's proposed hourly rate.

However, the Commissioner disputes that Plaintiff's counsel is entitled to compensation for 48.54 hours of work. She argues that the number of hours is "unreasonably high." *Defendant's Response* at 1. She notes that the case "presented no novel issues and Plaintiff's attorney concedes that he is experienced in the area of Social Security disability law." *Id.* at 2. She contends that Plaintiff should be awarded $6,545.70 for 35 hours attorney time. *Id.* at 1.

In *Glass*, *supra,* the Sixth Circuit stated that "twenty to thirty hours may well be the norm for attorneys to handle most [Social Security] cases...." 822 F.2d at 20.  Counsel's claim for 48.54 hours is well over the norm.  On one hand, the administrative record in this case was substantial, and Plaintiff's motion for summary judgment was well-researched and well-written.  Nonetheless, counsel is not entitled to reimbursement for 48.54 hours.  His time sheets show that the Commissioner proposed a stipulated remand on October 14, 2015 - approximately six weeks after Plaintiff's motion for summary judgment was filed. *Plaintiff's Exhibit A*; *Docket #15*.  On October 29, 2015, the Commissioner filed her motion for remand, noting that Plaintiff declined to stipulate to a remand for further fact-finding.  *Docket #17*.  After initially reviewing the motion for remand, counsel's time sheets show that he spent another five and three quarter hours preparing a response in opposition to the Commission's motion to remand for further fact-finding, appearing for oral argument, and travel time. *Plaintiff's Exhibit A*.

Counsel should not be awarded fees for the five and three-quarter hours spent preparing an argument in response to the motion to remand.  While Plaintiff originally requested a remand for either an award of benefits *or* further fact-finding, *Plaintiff's Brief,* 28-29, *Docket #15,* he later rejected the Commissioner's offer to remand for further fact-finding. *Docket #21.*  Counsel made no effort to explain his change of position, and his decision to "raise the stakes" instead of accepting the offer resulted in a significant additional expenditure of resources by both the Commissioner and this Court.  Further, the relief granted by Court was no different than that proposed by Commissioner in her motion for

remand. *See Docket #22* at 21; *Docket #23-24*. For this reason, the Court recommends that counsel be denied fees for the five and three-quarter hours spent opposing the Commissioner's motion to remand.

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Petition for Attorney Fees [Doc. #27] be GRANTED IN PART, to the extent that EAJA fees be awarded in the amount of $8,002.58.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2015, by electronic means and/or ordinary mail.

s/H. Monda in the absence of C. Ciesla<br>
Case Manager